Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


★ ★ ★ ★ ★ ★ ★



## MEMORANDUM OPINION

No. 04-10-00510-CR

### EX PARTE Alvaro PENA

From the 229th Judicial District Court, Starr County, Texas
Trial Court No. 1993-CR-228
Honorable Alex William Gabert, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:    Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  December 29, 2010

AFFIRMED

Alvaro Pena appeals from the trial court's denial of relief requested in a second application for a writ of habeas corpus.  We affirm the trial court's order.

### BACKGROUND

Pena was convicted of aggravated possession of cocaine in 1994, and sentenced to ten years in prison.  The trial court suspended the sentence and placed Pena on community supervision for ten years.  In 1998, the trial court granted Pena's motion for early termination of his community supervision.

In 2007, Pena filed an initial application for a writ of habeas corpus under section 11.072 of the Texas Code of Criminal Procedure, alleging his trial counsel rendered ineffective

assistance. The trial court granted relief, but the decision was reversed by this court. *See Ex parte Pena*, No. 04-07-00476-CR, 2007 WL 4116121 (Tex. App.—San Antonio Nov. 21, 2007, no pet.) (mem. op., not designated for publication). In April 2009, Pena filed a subsequent application for a writ of habeas corpus, attacking the validity of his conviction on the ground of "external juror influence." After holding a hearing, the trial court signed an order stating it had considered the parties' evidence, arguments, and authority, but determined from the face of the application that Pena was manifestly entitled to no relief. The court denied the application as frivolous. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 § 7(a) (West 2005) ("If the court determines from the face of an application or documents attached to the application that the applicant is manifestly entitled to no relief, the court shall enter a written order denying the application as frivolous.").

## DISCUSSION

We review the trial court's ruling in a habeas matter for abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App.), *cert. denied*, 549 U.S. 1052 (2006). The parties agree Pena was required to comply with section 9 of article 11.072, relating to subsequent applications. The parts of that section relevant to the disposition of this appeal provide:

> (a) If a subsequent application for a writ of habeas corpus is filed after final disposition of an initial application under this article, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application.
>
> . . .
>
> (c) For purposes of Subsection (a), a factual basis of a claim is unavailable on or before a date described by that subsection if the factual basis was not ascertainable through the exercise of reasonable diligence on or before that date.

TEX. CODE CRIM. PROC. ANN. art. 11.072 § 9(a), (c) (West 2005). Pena was required to allege in his application, and prove by a preponderance of the evidence, that his claim that external influence upon a juror violated his right to a fair trial was not ascertainable through the exercise of reasonable diligence when Pena filed his initial application. *Id.*; *Ex parte Madding*, 70 S.W.3d 131, 133-34 (Tex. Crim. App. 2002).

To satisfy the statutory requirement, Pena stated in his application that when he filed his original application, "he had not learned that he had been deprived of a fair trial and that outside influence had prejudicially affected the jurors [sic] decision to convict." Pena averred that the factual basis of his claim only became available to him in March 2009, when his investigator obtained statements from four jurors. Pena did not allege any other facts to explain why the factual basis of the claim could not have been ascertained "through the exercise of reasonable diligence" when the first application was filed.

In *Ex parte Lemke*, 13 S.W.3d 791 (Tex. Crim. App. 2000), the Court of Criminal Appeals considered the meaning of the phrase "reasonable diligence" in section 4 of article 11.07 of the Texas Code of Criminal Procedure.[1] Lemke filed a subsequent application under section 11.07, alleging his trial counsel had not conveyed plea offers to him made before the trial. *Lemke*, 13 S.W.3d at 793. The court held Lemke met his burden to show he had exercised reasonable diligence by testifying his attorney had repeatedly told him there were no plea offers on the table:

> We hold applicant exercised "reasonable diligence" by making several inquiries
> of his lawyer as to the existence of plea bargain offers by the State. Applicant was

---

[1] Article 11.07 governs applications for writs of habeas corpus challenging felony convictions when community supervision was not granted. The language regarding the requirements of subsequent writ applications in article 11.07 is identical to that in article 11.072. *Compare* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 *with* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 9.

> not required to query the district attorney about the existence of a [sic] plea bargain offers when he had been assured by his attorney that there were none. Given that applicant had previously asked his attorney about the existence of plea bargain offers, was told that none were made, and applicant otherwise did not doubt his attorney's representations, applicant satisfied section 4's requirement of "reasonable diligence."

*Id.* at 794-95 (footnote omitted). The court also stated that reasonable diligence "suggests at least some kind of inquiry has been made into the matter at issue." *Id*. at 794.

The Court of Criminal Appeals also considered the issue of reasonable diligence in *Madding*. 70 S.W.3d at 133. Madding's original application, alleging his trial counsel was ineffective, was denied. *Id.* He filed a subsequent application, alleging his rights under the double jeopardy clause were violated because the judgment ordered his sentence to be served consecutive to another sentence when the trial judge had pronounced in open court that the sentences would be served concurrently. *Id.* at 132. The court noted there was no evidence Madding ever received a copy of the judgment, the prison records did not reflect the cumulation order, Madding asserted in his first application that his trial records were unavailable to him, and Madding complained of this fact several times, as reflected by letters in his file. *Id.* at 133 n.4. The court held Madding had demonstrated by a preponderance of the evidence that the factual basis for his claim was unavailable when he filed his original application. *Id*. at 133.

Pena did not allege in his application that he made any inquiry into the issue of juror misconduct before filing his original application. Nor did he make any factual assertions as to why he was prevented from conducting the same investigation that resulted in the juror affidavits attached to his current application at the time he filed his original application. Pena failed to allege any facts that would support a finding that the factual basis for his claim was unavailable

to him when the previous writ was filed.  Accordingly, the trial court did not abuse its discretion in determining from the face of the application that Pena was manifestly entitled to no relief.[2]

**CONCLUSION**

The order of the trial court is affirmed.

Steven C. Hilbig, Justice

Do not publish

---

[2]Although the trial court conducted a hearing on Pena's application, the court stated in its order that it determined from the face of the application that Pena was not entitled to relief.  Even if we were to consider the evidence presented at the hearing, Pena failed to demonstrate by a preponderance of the evidence that he exercised reasonable diligence to discover the factual basis of his claim before filing the original application. *See Madding*, 70 S.W.3d at 133-34. Pena did not hire an investigator until after his previous writ was reversed by this court.  He admitted he made no effort to locate any of the jurors who served on his case before hiring the investigator.  The investigator testified she was hired in December 2008, and it was her idea to contact the jurors.